**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BIANCA VOSS, | CIVIL ACTION NO.: |
| *Plaintiff,* | |
| | **COMPLAINT** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| MARTIN GREENBERG, M.D., | |
| *Defendant.* | |

Plaintiff Bianca Voss hereby files the following Complaint and Jury Demand against Defendant Martin Greenberg, M.D., and states as follows:

## NATURE OF ACTION

1.      Dr. Martin Greenberg inserted his own sperm into his patient, Bianca Voss. He did so without her consent and against her wishes. Some people call this horrific act "medical rape." But regardless of the name, Greenberg's heinous and intentional misconduct is unethical, unacceptable, and illegal.

2.      Ms. Voss visited the offices of Greenberg, an OB-GYN, in 1983, when she sought fertility services. Without Plaintiff's knowledge or consent, Greenberg used his own sperm to impregnate her, rather than, as promised, use an anonymous donor from a sperm bank. Plaintiff learned of Greenberg's betrayal only recently, after her daughter obtained her DNA profile from 23&me.com. Plaintiff is shocked and devastated by Greenberg's disgusting abuse of his power to violate her trust.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over Defendant and venue is proper here under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim took place in this judicial district.

**PARTIES**

5.      Plaintiff Bianca Voss is an individual citizen of the State of New Jersey, and currently resides in that state.

6.      Defendant Martin Greenberg is an individual citizen of the State of Florida. He was licensed to practice medicine in New York (NY License No. 143933). Dr. Greenberg inserted his own sperm into Ms. Voss at his office, which at the time was located in Manhattan. The State of New York previously sanctioned Greenberg for "dishonorable, unethical, [and] unprofessional conduct."

**FACTUAL ALLEGATIONS**

7.      In 1983, Plaintiff wanted to become a mother. Unable to conceive on her own, she turned to Defendant for help. After consulting with him, she elected to undergo intrauterine insemination using sperm from an anonymous donor.

8.      Intrauterine insemination is a type of artificial insemination in which sperm is inserted into a woman's uterus to facilitate pregnancy. In 1983, when Plaintiff sought Defendant's services, DNA testing was in its infancy as a science, and was not available commercially available as it is today.

9.      Dr. Greenberg asked Ms. Voss if she had a preference for the ethnicity and/or religion of the sperm donor, and charged her a fee of $100 to procure the sperm from the donor.

10.     Rather than purchase the sperm from an anonymous sperm donor, Greenberg—without Plaintiff's knowledge or consent—used his own sperm to impregnate her. As a result, she became pregnant with and gave birth to a daughter who was born in 1984.

11.     Defendant had no right to insert his own sperm into Plaintiff without her consent. He did not tell her that he would use his own sperm, he stated that the sperm donor would be anonymous, and he otherwise led her to believe that the sperm donor would not be himself.

12.     Plaintiff did not know, and had no reason to suspect, that Defendant inserted his own sperm into her until Plaintiff's daughter, seeking to learn about her family's history, got the results of an 23andme.com DNA kit in the Fall of 2020. Only then did Plaintiff and her daughter learn that Greenberg was the daughter's biological father. Plaintiff did not know of Greenberg's misconduct prior to then because he hid his misconduct from her.

13.     With reasonable diligence, Plaintiff would not have uncovered Greenberg's deceit any sooner.

14.     Ms. Voss's daughter's DNA results showed the following:





15.     Defendant stood over Plaintiff with her legs spread in stirrups and inserted his own

bodily fluids into her. Plaintiff would never have agreed to allow Defendant to use his own sperm

to impregnate her. Defendant used his position of trust and authority to insert his own sperm into

Plaintiff. He violated his oath as a physician.

5

16.     Learning that Defendant victimized her has caused Plaintiff severe and debilitating anxiety and emotional pain, shattering her trust and disrupting her life.

17.     Defendant stood in a professional and commercial relationship with Plaintiff at the time of the wrongful act, and fraudulently and knowingly concealed from Plaintiff what he had done to her for the purpose of escaping responsibility for his misconduct. Plaintiff did not know, nor in the exercise of reasonable care could she have been put on inquiry that Defendant used his own sperm to impregnate her without her consent. Her cause of action thus did not accrue until she learned the facts of Defendant's misconduct through her daughter's DNA results.

18.     Upon receiving the devastating news of Greenberg's shocking conduct, Ms. Voss's daughter reached out to Greenberg via 23andme.com and email. She did so because she wanted to obtain her family medical history (*i.e.*, Greenberg's medical history). Aware that Greenberg's son unfortunately passed away at an early age, she wanted to know if she may have inherited a concerning medical condition. She also wanted to know if she may have passed on such a condition to her own child. However, Greenberg did not respond.

19.     Defendant's conduct was malicious, oppressive, despicable, willful, and/or in reckless disregard of Plaintiff's rights.

## CAUSES OF ACTION

### Count 1: Battery

20.     Plaintiffs incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

21.     Defendant intentionally used his own sperm to impregnate Plaintiff. In so doing, Defendant contacted Plaintiff's body, as well as the inside of Plaintiff's body, and caused his own sperm to contact Plaintiff's body, as well as the inside of Plaintiff's body.

22.     Defendant acted without permission. Plaintiff did not consent to this contact.

23.     The contact was unlawful, harmful, and offensive.

24.     Plaintiff suffered severe and debilitating damages as a result.

**Count Two: Fraud**

25.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

26.     Defendant made the following false representations to Plaintiff at the time of her fertility treatment: (1) Defendant would inseminate Plaintiff with the sperm of an anonymous donor, and (2) Defendant needed to pay a fee (which Plaintiff paid) to procure the sperm from the purportedly anonymous donor.

27.      Defendant knew at the time that the representations in the paragraph above were both false and material. Plaintiff would not have agreed to have Defendant use his own sperm to inseminate her.

28.     Defendant intended Plaintiff to rely on Defendant's false representations.

29.     Plaintiff was unaware and had no reason to suspect that Defendant's representations were false. She justifiably relied on Defendant's lies and was damaged as a result.

30.     As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating emotional distress.

**Count Three: Intentional Misrepresentation**

31.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

32.     Defendant made the following false representations to Plaintiff at the time of her fertility treatment: (1) Defendant would inseminate Plaintiff with the sperm of an anonymous

donor, and (2) Defendant needed to pay a fee (which Plaintiff paid) to procure the sperm from the purportedly anonymous donor.

33.     Defendant knew at the time that the representations in the paragraph above were both false and material. Plaintiff would not have agreed to have Defendant use his own sperm to inseminate her.

34.     Defendant intended Plaintiff to rely on Defendant's false representations.

35.     Plaintiff was unaware and had no reason to suspect that Defendant's representations were false. She justifiably relied on Defendant's lies and was damaged as a result.

36.     As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating emotional distress.

## Count Four: Constructive Fraud

37.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38.     A doctor-patient relationship existed between Plaintiff and Defendant, in which Plaintiff reposed trust and confidence in Defendant's integrity and fidelity to her as his patient. Plaintiff was entitled, as a result, to relax the care and vigilance she would ordinarily exercise in the circumstances.

39.     Defendant held himself out as someone Plaintiff could trust. They had a confidential relationship.

40.     Defendant made the following false representations to Plaintiff at the time of her fertility treatment: (1) Defendant would inseminate Plaintiff with the sperm of an anonymous donor, and (2) Defendant needed to pay a fee (which Plaintiff paid) to procure the sperm from the purportedly anonymous donor.

41.     Defendant intended Plaintiff to rely on Defendant's false representations.

42.     Plaintiff was unaware and had no reason to suspect that Defendant's representations were false. She justifiably relied on Defendant's lies and was damaged as a result.

43.     Defendant's acts, omissions, and concealments described above breached his legal or equitable duty, trust, or confidence to Plaintiff, in violation of the obligations imposed on him as her physician by virtue of the position of trust and confidence he held.

44.     As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating emotional distress.

**Count Five: Fraudulent Misrepresentation**

45.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46.      In 1983, Defendant made material misrepresentations of material facts, as alleged above.

47.     Defendant concealed these material facts from Plaintiff with the intent to defraud her because he knew she would not agree to allow him to use his own sperm to impregnate her.

48.     Plaintiff was unaware that Defendant was going to or had used his own sperm to impregnate her at the time and would not have agreed to that had she known the truth Defendant concealed from her. She reasonably relied on Defendant's fraudulent conduct.

49.     As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating damages.

**Count Six: Fraudulent Concealment**

50.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51.    In 1983, Defendant concealed material facts that he was under a duty to disclose to Plaintiff, including that he was going to use his own sperm to impregnate her rather than the promised donor sperm.

52.    Defendant concealed these material facts from Plaintiff with the intent to defraud her because he knew she would not agree to allow him to use his own sperm to impregnate her.

53.    Defendant had a duty to disclose to Plaintiff his true actions.

54.    Plaintiff was unaware that Defendant was going to or had used his own sperm to impregnate her at the time and would not have agreed to that had she known the truth Defendant concealed from her. She reasonably relied on Defendant's fraudulent conduct.

55.    As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating damages.

## Count Seven: Breach of Fiduciary Duty

56.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

57.    Defendant and Plaintiff were in a fiduciary relationship based on the doctor-patient relationship.

58.    Defendant breached his fiduciary duty to Plaintiff by inserting his own sperm into her body without her knowledge or consent—and against both her wishes and Defendant's explicit promises.

59.    As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating damages.

## **Count Eight: Negligence and/or Professional Negligence**

60.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

61.     Defendant had the following duties to Plaintiff: a duty to follow her instructions regarding the intrauterine insemination she requested; a duty not to inject Defendant's own bodily fluid into her body without her consent; a duty to obtain her informed consent for any procedure he performed; a duty to use funds as promised, when delineated for a certain purpose; and a duty to disclose what he had done rather than fraudulently conceal it for decades.

62.     Defendant violated each of these duties.

63.     Defendant's actions, as alleged herein, departed from the applicable standard of care at the time of the actions.

64.      As a direct and proximate result of Defendant's gross breach of his duties, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## **Count Nine: Negligent Infliction of Emotional Distress**

65.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

66.     Defendant acted negligently, as alleged above, when he impregnated Plaintiff using his own sperm without her consent.

67.     A doctor impregnating a patient with his own sperm without her consent is extreme and outrageous. No reasonable person should be expected to tolerate or endure such an intimate betrayal of trust.

68.     Defendant's actions were committed with a disregard of a substantial probability of causing severe emotional distress.

69.     As a direct (not merely consequential) and proximate result of Defendant's misconduct, Plaintiff has suffered and continues to suffer severe and debilitating emotional distress.

## Count Ten: Breach of Contract

70.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

71.     Plaintiff and Defendant entered a contract in which Defendant agreed to provide certain fertility services desired by Plaintiff, specifically to provide artificial insemination services to Plaintiff using an anonymous sperm donor whom Defendant would pay for his sperm. Plaintiff upheld her end of the contract (namely, paying Defendant for his separate charges for his fertility services and to procure the sperm from the anonymous donor), but Defendant failed to provide those services as required by their contractual agreement, and used his own sperm rather than the sperm from an anonymous, paid donor.

72.     As a direct and proximate result of Defendant's intentional breach of contract, Plaintiff suffered damages, which continue to accrue, in an amount to be determined at trial.

## Count Eleven: Unjust Enrichment

73.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

74.     In 1983, Plaintiff paid Defendant for the anonymous donor sperm that he promised to use to impregnate her.

75.     Defendant did not provide the promised, purchased anonymous donor sperm, and instead used his own sperm to inseminate Plaintiff. But he did not refund her payment.

76.     Defendant was not entitled to retain payment for sperm for which he did not pay another. It would be against equity and good conscience to permit Defendant to retain these funds that Plaintiff paid to him.

77.     Plaintiff seeks restitution for the cost of the sperm she paid for but did not receive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

i.    Declare that Defendant's acts and conduct violate New York law;

ii.   Enter judgment in Plaintiff's favor on all claims for relief;

iii.  Award Plaintiff full damages—economic and non-economic—including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, humiliation, and inconvenience that she has suffered and is reasonably certain to suffer in the future;

iv.   Order forfeiture and disgorgement of the professional fees Plaintiff paid to Defendant, including but not limited to the costs Plaintiff paid for Greenberg to procure the donor sperm that was supposed to be used in her artificial-insemination procedure;

v.    Award Plaintiff punitive damages;

vi.   Order Defendant to provide a copy of his personal health history;

vii.  Issue such other and further relief as the Court deems just and proper.


Dated: May 25, 2021                 Respectfully submitted,

                                    By: _____/s/ Jason J. Kane_____
                                    **PEIFFER WOLF CARR KANE & CONWAY, LLP**
                                    Jason J. Kane
                                    1150-J Pittsford-Victor Road, 1st Floor
                                    Pittsford, NY 14534
                                    Telephone: (585) 310-5140
                                    Facsimile: (504) 608-1465
                                    jkane@peifferwolf.com

                                    **PEIFFER WOLF CARR KANE & CONWAY, LLP**
                                    Adam B. Wolf (will seek admission *pro hac vice*)
                                    4 Embarcadero Center, Suite 1400

San Francisco, CA 94111
Telephone: (415) 766-3545
Facsimile: (415) 402-0058
awolf@peifferwolf.com

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated: May 25, 2021                    Respectfully submitted,

By: _____/s/ Jason J. Kane_____
**PEIFFER WOLF CARR KANE & CONWAY, LLP**
Jason J. Kane
1150-J Pittsford-Victor Road, 1st Floor
Pittsford, NY 14534
Telephone: (585) 310-5140
Facsimile: (504) 608-1465
jkane@peifferwolf.com

**PEIFFER WOLF CARR KANE & CONWAY, LLP**
Adam B. Wolf (will seek admission *pro hac vice*)
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3545
Facsimile: (415) 402-0058
awolf@peifferwolf.com

*Attorneys for Plaintiff*